**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

DIAMOND RENAY DERX                                                                                    PLAINTIFF
ADC #162003

v.                                         2:20-cv-00052-BSM-JJV

DAVIS RODRICK, Medical Supervisor,
East Arkansas Regional Unit; *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian M. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff sued multiple officials of the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Corrections ("ADC"), including Drumman, a nurse providing services at the EARU; Plaintiff also sued Scott, a doctor providing services at the Cummins Unit of the ADC. (Doc. No. 2 at 1-2, 6-7.)

On March 17, 2017, I advised Plaintiff that his Complaint as currently pled failed to state a claim on which relief may be granted and explained why. (Doc. No. 3.) I gave Plaintiff the chance to cure the defects by filing an Amended Complaint. Plaintiff has filed an Amended Complaint against Defendants Drumman and Scott only; the remaining Defendants have been dismissed from this action. (Doc. Nos. 4, 6.) I will now continue screening Plaintiff's claims.

In his Amended Complaint, Plaintiff sued Defendants in their personal capacities only. (Doc. No. 5 at 6.) Plaintiff says he was diagnosed with Crohn's Disease in 2015. (*Id.* at 5.) According to Plaintiff, on March 19, 2019—while he was still at the EARU—he was seen by an outside provider, Dr. Samad, who recommended Plaintiff have an EDG[1] to see if his infection was

---

[1] An esophagogastroduodenoscopy (EGD) is a test during which the lining of the esophagus, stomach, and first part of the small intestine are examined. While Plaintiff refers to an EDG in

2

gone and to check his bleeding ulcers. (*Id.*) Plaintiff claims Defendant Drumman told him his health conditions would be managed on site, but to no avail—Plaintiff was then transferred to the Cummins Unit. (*Id.*)

After arriving at Cummins, Plaintiff was seen by Defendant Scott. (*Id*. at 6.) Plaintiff alleges Defendant Scott told him Plaintiff had no type of procedure scheduled. (*Id.*) Plaintiff later discovered in his medical jacket that he did have an appointment for an EGD on September 27, 2019. He asserts Defendant Scott did not take the time to look into his medical needs. (Doc. No. 5 at 6.) Plaintiff seeks damages for the pain he says Defendants have caused by failing to treat him. (*Id*. at 7.)

As explained in detail below, Plaintiff fails to state a claim on which relief may be granted.

### A. Deliberate Indifference to Serious Medical Needs

Plaintiff brought suit under 42 U.S.C. § 1983. To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

his Amended Complaint, considering his diagnosis of Crohn's Disease, I assume Plaintiff is referencing an EGD.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. CONST. AMEND. VIII. The prohibition on cruel and unusual punishment gives rise to the government's duty to provide medical care to prisoners. "The government has an 'obligation to provide medical care for those whom it is punishing by incarceration." *Allard v. Baldwin*, 779 F.3d 768, 772 (8th Cir. 2015) (*citing Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). It follows that the "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." *Robinson v. Hager*, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted). "A serious medical need is 'one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Dadd v. Anoka County*, 827 F.3d 749, 755 (8th Cir. 2016) (internal citation omitted). "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. *See Washington v. Denney*, 900 F.3d 549, 559 (8th Cir. 2018); *McRaven v. Sanders*, 577 F.3d 974, 981 (8th 2009).

According to Plaintiff, Defendant Drumman told Plaintiff his condition would be treated in house. Plaintiff apparently did not receive further treatment at the EARU, though; days later he was transferred to the Cummins Unit. Plaintiff's allegations do not indicate Dr. Drumman was deliberately indifferent to Plaintiff's serious medical needs; Plaintiff's allegations against Defendant Drumman do not rise to the level of constitutional violations. Even if Plaintiff had

4

stated a claim against Defendant Drumman, the claim is not properly joined with Plaintiff's claim against Defendant Scott, who provided medical services at a different ADC unit.

Plaintiff asserts Defendant Scott did not take the time to look into Plaintiff's medical needs. (Doc. No. 5 at 6.)  Plaintiff's allegation indicates negligence, but not deliberate indifference. "Mere negligence is not sufficient to support a cause of action under § 1983."  *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993).  Plaintiff does not allege he is receiving no treatment for his condition, but takes issue with not getting an EGD—which is apparently Plaintiff's preferred course of treatment.

### B.     Preferred Course of Treatment

It appears Plaintiff disagrees with the course of treatment decided upon by ADC providers. (Doc. No. 5.)  As long as the deliberate indifference threshold is not crossed, however, inmates do not have a constitutional right to a particular course of treatment, and prison doctors may exercise independent judgment in determining how to handle an inmate's medical needs.  *See Reid v. Griffin,* 808 F.3d 1191, 1192-93 (8th Cir. 2105) (internal citations omitted).  As I read Plaintiff's Amended Complaint, his claim is based solely on him not receiving the EGD suggested by Dr. Samad.  And Plaintiff has not alleged facts indicating how he was harmed by not having an EGD.  As such, Plaintiff has failed to state a claim.

If Plaintiff disagrees with my interpretation of his claims, he may explain why in any objections he chooses to file to this recommendation.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's claims be DISMISSED without prejudice.
2. Plaintiff's Complaint, as amended (Doc. No. 5), be DISMISSED without prejudice.
3. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and any Judgment would not be taken in good faith.

DATED this 21st day of April 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE